IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tom Arbino,                          :

     Plaintiff,                    :

  v.                                 :          Case No. 2:12-cv-705

                                         :          JUDGE GREGORY L. FROST
State of Ohio,                                  Magistrate Judge Kemp
                                         :

     Defendant.

REPORT AND RECOMMENDATION

    Plaintiff, Tom Arbino, a non-prisoner *pro se* litigant, filed this action in the Western Division of this Court, and asked for leave to proceed *in forma pauperis*. The case was then transferred to the Eastern Division of this Court and assigned to the Honorable Gregory L. Frost, United States District Judge, and to the undersigned Magistrate Judge.  Mr. Arbino qualifies financially for *in forma pauperis* status, so his motion for leave to proceed (Doc. 1) is granted.  However, the Court recommends that this action be dismissed.

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See <u>id</u>. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to

immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  See Haines v. Kerner, 404 U.S. 519 (1972).  The Court is required to review Mr. Arbino's complaint under these standards.

II.

The gist of the complaint which was filed in this Court appears to be Mr. Arbino's assertion that he cannot legally be barred from filing cases or motions in the courts of Ohio based on Ohio's vexatious litigator statute, Ohio Rev. Code §2323.52. That statute provides, in pertinent part, that a person who is declared to be a vexatious litigator may be ordered not to file or continue any legal proceedings in Ohio's common pleas, municipal or county courts without first obtaining leave of that court to proceed.  It also states that leave is to be given if the court to which the new filing is directed finds "that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application."  Rev. Code §2323.52(F).

According to Mr. Arbino, the Hamilton County Common Pleas Court, by way of an order signed by Judge Luebbers dated September 14, 2011, declared him to be a vexatious litigator and directed him to obtain leave from the presiding judge of any Ohio court in which he wished to file papers before doing so either in existing litigation or in order to start a new case.   More

recently, he claims that the same court refused to accept for filing a complaint which he wished to file against a defendant named as "UC Health" because he had not obtained leave to file that complaint.  He also attached to the documents he filed in this Court a letter from the Clerk of the Municipal Court signed by the Bailiff to Judge Ten N. Berry dated July 11, 2012; that letter explains that the court could not file the papers he submitted and that he would have to speak to someone in the Clerk's office "regarding your difficulty filing your documents." It is not entirely clear if that letter relates to the other documents he filed here, since those are all captioned in the Common Pleas Court rather than the Municipal Court.  In any event, Mr. Arbino claims that the prior order and the Ohio courts' refusal to file his papers violate his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that he has the "Constitutional right to file whatever he pleases."

### III.

This does not appear to be the first time that Mr. Arbino has filed suit in federal court regarding his having been found to be a vexatious litigator.  In Case No. 1:12-cv-203 (S.D. Ohio), he filed a complaint alleging that a number of his cases in various state courts had been dismissed improperly.  At least some of the dispositions about which he complains appear to have been based on his vexatious litigator status.  <u>See</u> Complaint, Doc. 5, Case No. 1:12-cv-203.  In that case, the assigned Magistrate Judge, the Honorable Karen L. Litkovitz, recommended that the complaint be dismissed under 28 U.S.C. §1915(e)(2) because Mr. Arbino had named only the State of Ohio as a defendant, and that "[a]bsent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court

regardless of the nature of the relief sought." Arbino v. Ohio, 2012 WL 1756856, *2 (S.D. Ohio April 2, 2012).  Mr. Arbino objected to that recommendation, but his objection was overruled and the case was dismissed. Arbino v. Ohio, 2012 WL 1755828 (S.D. Ohio May 16, 2012).

Like the prior case, the only named defendant in this case is the State of Ohio.  Despite having been told that the State of Ohio is, by virtue of the Eleventh Amendment to the United States Constitution, immune from suit in federal court, Mr. Arbino again seeks injunctive and monetary relief from the State.  This Court is in full agreement with Judge Litkovitz's determination that such a suit cannot be maintained and that a complaint naming only the State of Ohio as a defendant is subject to dismissal.  That is what the numerous decisions from the United States Supreme Court cited in her Report and Recommendation hold, and the Judges of this Court are bound to follow (and do follow) those decisions and holdings. See, e.g., Lee Testing & Engineering, Inc. v. Ohio Dept. of Transp., __ F.Supp. 2d __, 2012 WL 668913, *3 (S.D. Ohio Feb. 29, 2012)(Frost, J.)("Ohio has not waived its Eleventh Amendment immunity from suits for money damages in federal court); Tackett v. Ohio Dept. of Rehabilitation and Correction, 2011 WL 5076401, *3 (S.D. Ohio 25, 2011)(Frost, J.)("the Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought"), citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 97-98 (1985).

It is possible that this action is also barred by the doctrine of *res judicata*, at least to the extent that Mr. Arbino has again attempted to raise the constitutionality of the order declaring him a vexatious litigator in a suit brought against the State of Ohio, and the issue of whether he may sue the State of Ohio for relief from that order has already been litigated.

-4-

However, in light of the clear bar to suit presented by the Eleventh Amendment, the Court need not reach that issue.

## IV.

For all of these reasons, it is recommended that this action be dismissed under 28 U.S.C. §1915(e)(2).

## V.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge